**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWNETT DOUGLAS, on behalf of JEROME RISDEN, Petitioner** | : | **No. 3:26cv3254** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, Pike County Correctional Facility, Respondent** | : | |

## ORDER

On November 3, 2026, the Clerk of Court docketed a one-page petition for writ of habeas corpus filed by Petitioner Shawnett Douglas on behalf of Jerome Risden, who is detained at the Pike County Correctional Facility. (Doc. 1). The stated reasons for the petition are: 1) "disruption of home and finances of wife"; 2) "no criminal intent"; 3) "needs to be released"; 4) "legally married and in processing for legal documentation"; and 5) "prev[ious] court proceedings."[1] Id.

Douglas has also attached approximately 40 pages of records, ostensibly to demonstrate that Risden has children who are citizens of the United States and that there have been ongoing immigration proceedings dating back to at least 2016. (See generally Doc. 1-1). From the exhibits, the court liberally

[1] The heading of the petition suggests that it may also have been filed in the Pike County Court of Common Pleas.

construes the petition as one filed under 28 U.S.C. § 2241 for relief from immigration detention.

District courts have the discretion to apply the Rules Governing Section 2254 Cases to habeas corpus cases brought under § 2241. 28 U.S.C. § 2254 Rule 1(b). Under Rule 4 of the Section 2254 Rules, a district court must promptly review a petition and dismiss it if the petitioner is not entitled to relief on the face of the petition.

Pursuant to statute, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Douglas thus appears to be filing as Risden's "next friend." See Whitmore v. Arkansas, 495 U.S. 149, 161–62 (1990). In limited circumstances, persons unable to prosecute their own action may have third persons, or "next friends," stand in for them. Id. However, under the law:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.
>
> . . .
>
> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in

> interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.
>
> The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163–64 (citation modified).

Assuming that Douglas is Risden's spouse and that the second "firmly rooted" prerequisite has been met, Douglas has failed to meet the first prerequisite. She has not supplied any explanation as to why Risden cannot prosecute this habeas petition on his own behalf.

Consequently, for the above reasons, it is hereby **ORDERED** that:

1) The petition for writ of habeas corpus filed by Shawnett Douglas on behalf of Jerome Risden, (Doc. 1), is **DISMISSED**;
2) The Clerk of Court is directed to notify Douglas; and
3) The Clerk of Court is directed to close this case.

**Date:** 11-4-26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**